UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN NENNIG,<br><br>        Petitioner,<br><br>   v.<br><br>TR MERICKEL,<br><br>        Respondent.[1] | No. 1:18-cv-00691-JDP (HC)<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS<br><br>ORDER DIRECTING CLERK OF COURT TO AMEND CASE CAPTION<br><br>ECF No. 8 |

    Petitioner Ryan Nennig, a state prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. The parties have consented to the jurisdiction of a magistrate judge. Respondent moves to dismiss the petition, arguing that: (1) the petition inappropriately challenges the convictions from two separate criminal cases; (2) the petition is untimely; and (3) petitioner failed to exhaust state-court remedies. Respondent served his motion to dismiss in August 2018, but petitioner has yet to respond. The court will nonetheless rule on the motion for the reasons stated below. The court will grant respondent's motion to dismiss because the petition is untimely. The court need not reach the other issues raised by respondent.

---

[1] The court has amended the caption to show the proper respondent: Chief Probation Officer of Kern County, TR Merickel, the "immediate custodian" of petitioner. *See Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992).

1

**I.  Background**

Petitioner challenges his convictions and sentences in two criminal cases.  Petitioner was convicted of criminal threats in the Kern County Superior Court, Case No. BF159929A, and was sentenced to one year and four months in prison.  He was also convicted of carrying a concealed dirk or dagger in the same court, but in another case, Case No. BF165073A, and was sentenced to two years and eight months in prison.

In Case No. BF159929A, the court entered judgment on July 20, 2015.  In Case No. BF165073A, the court entered judgment on November 29, 2016.  Petitioner did not appeal the trial court's judgment in either case.  He did not pursue any post-conviction remedy in state court.  He filed the petition in this case on May 21, 2018.

**II.  Discussion**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") has a one-year statute of limitations for a state prisoner to file a federal habeas petition.  28 U.S.C. § 2244(d)(1).  The one-year period begins on the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*; *see also Grant v. Swarthout*, 862 F.3d 914, 918 (9th Cir. 2017).  The one-year statute of limitations period may be tolled while the petitioner pursues state-court remedies.  *See Grant*, 862 F.3d at 918.  The one-year period may also be tolled in extraordinary circumstances.  *See id.*

Here, the parties do not argue that Sections 2244(d)(1) Subsections (B), (C), and (D) are relevant.  The court will therefore assess the timeliness of the petition under only Subsection (A)

and begin the analysis from the date when the state-court judgment became final in each of petitioner's cases.

As for Case No. BF159929A, the judgment was entered on July 20, 2015, and the time for petitioner to appeal the trial court's decision ended sixty days later, on September 18, 2015. *See* Cal. R. Ct. 8.308(a); ECF No. 1 at 27. Petitioner did not appeal, so his one-year period for the AEDPA statute of limitations began on September 18, 2015, the day the sixty-day period in which petitioner could appeal lapsed. *See Stancle v. Clay*, 692 F.3d 948, 951 (9th Cir. 2012); *Mendoza v. Carey*, 449 F.3d 1065, 1067 (9th Cir. 2006); Fed. R. Civ.P. 6(a). The AEDPA's one-year statute of limitations period ended on September 19, 2016, absent tolling.

As for Case No. BF165073A, the judgment was entered on November 29, 2016, and the time for petitioner to appeal the trial court's decision ended on January 30, 2017. *See* Cal. R. Ct. 8.308(a); ECF No. 1 at 25. Petitioner did not appeal, so his one-year period for the AEDPA statute of limitations began on January 30, 2017, when the period in which petitioner could appeal ended. *See Stancle*, 692 F.3d at 951; *Mendoza*, 449 F.3d at 1067; Fed. R. Civ. P. 6(a). His one-year statute of limitations period ended on January 30, 2018, absent tolling.

Petitioner filed his Section 2254 petition in this case after the expiration of the one-year statute of limitations period, on May 15, 2018, taking into account the prison-mailbox rule. *See Campbell v. Henry*, 614 F.3d 1056, 1059 (9th Cir. 2010); ECF No. 1 at 8. Petitioner must therefore show that he is entitled to tolling; otherwise, his petition is untimely.

Petitioner has not shown that he is entitled to tolling. The court has considered whether the alleged failure of petitioner's counsel to provide "good advice" on his right to appeal could entitle petitioner to tolling, *see* ECF No. 1 at 7, even though petitioner has not opposed respondent's motion to dismiss at all. Garden-variety negligence by counsel does not warrant equitable tolling. *See Luna v. Kernan*, 784 F.3d 640, 646 (9th Cir. 2015); *Lopez v. Ndoh*, No. 18-cv-2249, 2018 WL 5623678, at *4 (C.D. Cal. Sept. 24, 2018), *report and recommendation adopted*, 2018 WL 5733741 (C.D. Cal. Oct. 30, 2018) (rejecting petitioner's bare allegation that

attorney misled petitioner about his right to appeal).[2]  In limited circumstances, a habeas petitioner can obtain equitable tolling by showing egregious attorney conduct, *see Luna v. Kernan*, 784 F.3d 640, 648 (9th Cir. 2015), but the court is satisfied that petitioner has not shown any such conduct here.

In sum, the court will dismiss the petition because it is untimely.  The court need not reach other arguments raised by respondent.

**III.     Order**

1. The clerk of court is directed to amend the case caption to show TR Merickel as the sole respondent in this case.
2. Respondent's motion to dismiss, ECF No. 8, is granted.
3. The clerk of court is directed to enter judgment in favor of respondent and close this case.

IT IS SO ORDERED.

Dated:     March 15, 2019                                    _____
UNITED STATES MAGISTRATE JUDGE

No. 202

---

[2] The plea and waiver forms attached to the petition—signed by petitioner—indicate that petitioner discussed with his counsel the strengths of the case against him, any possible defenses, and the possible consequences of entering into plea agreements.  *See* ECF No. 1 at 11, 18.  And even if petitioner's counsel gave inadequate advice on petitioner's right to appeal, petitioner does not explain whether he diligently pursued available remedies after learning about the facts giving rise to his claims.  *See Luna*, 784 F.3d at 649.

4